IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 JUL 17 AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARVIN HILL, | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) 01-AR-1179-S |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

ENTERED
JUL 17 2002

**MEMORANDUM OPINION**

Before this court is the motion of plaintiff Marvin Hill ("Hill"), to alter or amend the judgment entered on June 21, 2002 in this action. Specifically, Hill asks this court to reverse itself and to deny the motion for summary judgment of defendant, Wal-Mart Stores, Inc. ("Wal-Mart"). Having considered Hill's new arguments, the court will deny Hill's motion, but issues this opinion in order to clarify some of the matters raised by Hill.

Hill says that he cannot find any evidence of Hill's supervisor, Scott Currier, having asked Hill if he had been harassed after the early March meeting. The court directs Hill to pages 117-19 of Bruce Abbot's deposition, and page 181 of Hill's deposition.

Hill is correct when he asserts that the court did not specifically address the retaliation claim in its memorandum opinion. Because the court's implicit conclusion on this issue apparently did not come through, the court will attempt to remedy



its shortcoming in this regard. In order to establish "a prima facie case [of retaliation under Title VII]; the plaintiff must show (1) that she engaged in statutorily protected activity, (2) that an adverse employment action occurred, and (3) that the adverse action was causally related to the plaintiff's protected activities." *Couto v. Martin County Board of County Commissioners*, 47 F. 3d 1068, 1074 (11th. Cir. 1995). In its earlier memorandum opinion, this court found that Hill could not prove that he was constructively discharged. The only other act of discrimination that Hill can complain about, and that occurred within the non-precluded statutory period, is the comment by Marshall that he will miss Hill because Hill is one of only a few black men who are willing to work. This alone does not rise to the level of an adverse employment action that is a necessary element of a retaliation claim or of any other discrete claim under Title VII. Hostile environment claims, to the contrary, necessarily involve an aggregation of events. It is because Hill cannot meet the second retaliation criterion that this court granted Wal-Mart's motion for summary judgment on the retaliation claim.

    Hill takes issue with the court's use of the word "enigmatic" to describe the circumstances surrounding his resignation from Wal-Mart. This court so described the circumstances because of the conflicting reasons given by Hill himself for his departure. Whether Hill gave different reasons at different times, or was

2

always consistent in his explanation does not affect this court's conclusion that "the complained of conduct, as described by Hill himself, was not sufficiently intolerable as to have compelled his resignation." (Mem. Op. at 9). It is **defendant's** conduct, not Hill's varying explanations for his resignation, that determine whether Hill can claim constructive discharge.

For these reasons, and the reasons set out in the memorandum opinion of June 21, Hills motion to alter or amend the judgment will be denied.

DONE this 17th day of July, 2002.

WILLIAM M. ACKER, Jr.
UNITED STATES DISTRICT JUDGE